**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

CAMBRIDGE WHO'S WHO PUBLISHING,
INC.,
     a New York corporation,

          Plaintiff,

v.

XCENTRIC VENTURES, LLC., an Arizona
limited
     liability company, d/b/a/ RIP-OFF REPORT,

     and/or RIPOFFREPORT.COM, and/or BAD
BUSINESS BUREAU, and/or
BADBUSINESSBUREAU.COM

and

EDWARD MAGEDSON, a/k/a Ed Magedson,
     an individual,

          Defendants.

-------------------------------------------------------------------x

**DEFENDANTS' RESPONSE TO MOTION FOR JURISDICTIONAL DISCOVERY AND REPLY IN SUPPORT OF MOTION TO DIMSISS**

Case No.: 2:06-cv-06590-
    JS-ETB

10297-1/LAR/LAR/604515_v1

Dockets.Justia.com

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PREFATORY STATEMENT | 3 |
| II. | FACTS | 3 |
| III. | THIS MATTER SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION | 5 |
| | A. The New York Long Arm Statute Does Not Grant Jurisdiction For Claims of Defamation Under CPLR § 302(a)(2) or (3). | 5 |
| | B. Xcentric Does Not Transact Business In New York | 5 |
| |     i. The ROR Site is not "highly interactive". | 7 |
| |     ii. There is no substantial relationship between any relationship of Xcentric with New York and the Plaintiff's claims for relief. | 9 |
| | **C.** Exercising Jurisdiction Does Not Comport with Due Process. | 14 |
| | D. There is no Issue Preclusion and the Cases from Other Jurisdictions are Not Relevant. | 15 |
| | E. Jurisdictional Discovery Is Not Warranted**.** | 16 |
| IV. | CONCLUSION | 17 |

10297-1/LAR/LAR/604515_v1

Defendant Xcentric Ventures, LLC (hereinafter "Xcentric" or "Defendant") respectfully requests that the Court deny Plaintiffs' Motion for Jurisdictional Discovery and grant Xcentric's Motion to Dismiss.

## I. PREFATORY STATEMENT

Plaintiff Cambridge Who's Who Publishing, Inc. ("Cambridge" or "Plaintiff"), in responding to Xcentric's well-pled Motion to Dismiss, has taken the opportunity to use rhetoric as a weapon instead of advocating on the facts and the law. Xcentric urges this Court to not read carefully the pleadings of both parties and note the continued mischaracterizations by Plaintiff. In doing so, the Court will be made aware that Xcentric has properly addressed its status as a somewhat interactive website, whose activities in allowing third parties to publish statements does not even come close to the standard articulated by New York courts for "transacting business" in the State. Similarly, Xcentric requests that this Court review the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"). This assessment is necessitated by Plaintiff's malicious attempt to malign Xcentric with the Court by citing to inappropriate and non-binding cases, as well as improperly asking the Court to assume facts not in evidence or admitted to by Xcentric.

## II. FACTS

Defendant Xcentric is an Arizona-based LLC which operates Rip-Off Report. Xcentric does not own any assets in New York, does not have any offices in New York, does not have any agents in New York and does not conduct any business in

New York. Xcentric does business in Arizona, and its agents, and assets are all located in Arizona. (Previously submitted declaration of Ed Magedson).

If the Court visited the ROR Site, it would discover that extremely little is done on the website other than the posting of reports by third parties. The ROR Site is akin to a free public message board, allowing users to post and view comments about businesses who they feel have wronged them. The posting of a report is free. Despite Plaintiff's mistaken (and entirely unsupported) assertion to the contrary, Xcentric not only permits, it encourages businesses to post rebuttals addressing the content of reports posted about them. These rebuttals are also <u>free</u>. (Declaration of Ed Magedson, Exhibit 1). As part of the process of submitting their report, the user creates a title or heading for the report. Xcentric does not create the title or heading for the user. (Exhibit 1).

The extent of any editing performed by Xcentric is that a report or rebuttal is reviewed only to confirm that it does not contain pornography, social security numbers, credit card numbers, or physical threats. (Exhibit 1). Any report that contains such material may be deleted or redacted at the discretion of Xcentric. (Exhibit 1). As a matter of policy, Xcentric staff does not add to, or rewrite, any of the reports posted by users. (Exhibit 1).

As stated in the Motion, only approximately 6.7% of the reports on Rip-off report by consumers are about New York companies. Also, the ROR Site markets two books on the website. One is a consumer guide and one is a guide to mortgages. (Exhibit 1). The books are advertised on the website by an affiliated company,

4

Consumer Media Publishing, LLC. (Exhibit 1) Consumer Media, and not Xcentric, ships the books to consumers throughout the country. (Exhibit 1).

### III. THIS MATTER SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

#### A. The New York Long Arm Statute Does Not Grant Jurisdiction For Claims of Defamation Under CPLR § 302(a)(2) or (3).

In its Response, Plaintiff argues that the *only* basis upon which it is asserting jurisdiction is on the "transacting business" standard pursuant to CPLR § 302(a)(1). Interestingly enough, in its Complaint, Plaintiff stated that Xcentric is subject to jurisdiction because of CPLR § 302 in its entirety. *See* Complaint, p. 2, ¶ 7. This change of tune is likely due to the fact that jurisdiction under CPLR § 302(a)(2) and (3) is explicitly denied to causes of action for defamation. *See* CPLR § 302(a)(2) and (3); *see also Pontarelli v. Shapero,* 231 A.D.2d 407, 647 N.Y.S.2d 185 (1st Dept 1996) (no basis to exercise "long-arm" jurisdiction over the nondomiciliary defendants under CPLR § 302(a)(2) where the only tort alleged to have been committed was defamation of character).

"Although section 302(a)(1) does not exclude defamation from its coverage, New York courts construe 'transacts any business within the state' more narrowly in defamation cases than they do in the context of other sorts of litigation." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007).

#### B. Xcentric Does Not Transact Business In New York.

New York courts evaluating specific jurisdiction under section 302(a)(1) look to both the language of the statute and the relation between the alleged conduct and the cause of action. *Best Van Lines,* 490 F.3d at 246. In order to establish long-arm

5

jurisdiction pursuant to CPLR 302(a)(1), the Plaintiff must set forth a sufficient nexus between the claims asserted in the complaint and the transaction which occurred in New York. *See Holness v. Maritime Overseas Corp.*, 251 A.D.2d 220, 224, 676 N.Y.S.2d 540 (1st Dept 1998). In determining whether a "transaction of business" has occurred "[t]he key inquiry is whether [the] defendant purposefully availed itself of the benefits of New York's laws." *Courtroom Television Network v. Focus Media, Inc.*, 264 A.D.2d 351, 353, 695 N.Y.S.2d 17 (1st Dept 1999). The courts look to the "totality of circumstances" to determine whether a party has "transacted business" in this state, within the meaning of CPLR 302(a)(1), considering factors including:

> (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York; (3) what the choice of law clause is in the contract; and (4) whether the contract requires notices and payments to be sent into the forum state or requires supervision by the corporation in the forum state.

*Goldsmith v. Sotheby's, Inc.*, 2007 WL 258287, 5 (N.Y.Sup.,2007) (quoting *Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc.*, 2 F.Supp.2d 470, 474 (S.D.NY 1998). Inviting people to express themselves in an on-line forum, without any fees, is not the transaction of business; it is the encouragement of free speech under the First Amendment.

It is undisputed that Xcentric does not maintain an office or employees in New York and is not registered to do business in New York. *See Symenow v. State Street Bank and Trust Company*, 244 A.D.2d 880, 880 (1997) (fact that defendant

6

did not maintain an office in the State of New York, had no employees stationed within the state and was not authorized to conduct business within the State supported, in part, finding that the court did not have jurisdiction over defendant pursuant to CPLR 301). In the Supplemental Declaration of Ed Magedson in Support of Xcentric's Motion to Dismiss, it was noted that only <u>one</u> member of the Corporate Advocacy Program has an address in New York, and the funds from that corporation come from Florida, not New York. Moreover, the claims in this case do not arise out of the participation of that one company in the Corporate Advocacy Program.[1] Furthermore, although Xcentric does encourage consumers to post reports on the ROR Site, any so-called "solicitation" is not targeted directly to New York consumers. *See Chamberlain v. Jiminy Peak*, 176 A.D.2d 1109, 1110 (1991) (solicitation of business alone not sufficient to establish "presence" for purposes of CPLR 301). Moreover, although a "solicitation-plus" analysis is warranted where, as here, Plaintiff has alleged additional activities on the part of Xcentric within New York, such activities must be continuous and of substance to warrant a finding of the requisite jurisdictional "presence" in the state. *Id*. at 1110, 575 N.Y.S.2d 410.

      i.    <u>The ROR Site is not "highly interactive".</u>

The mere existence of the ROR Site does not confer jurisdiction to New York. "These days, any self-respecting business has a website. That obviously does not make all of them amenable to suit in any state with a computer, a modem, and a

---

[1] Cambridge makes an ambiguous argument of page 3 of their Response that Cambridge was coerced by the Corporate Advocacy Program and something about paying "protection money." It is undisputed that Cambridge is **not** a customer of Xcentric and has never paid Xcentric any monies.

7

telephone line (i.e., all fifty) into which they ship goods." *Spencer Laminating Corp. v. Denby*, 5 Misc.3d 200, 203, 783 N.Y.S.2d 220, 222 (N.Y.City Civ.Ct.,2004); *see also McBee v. Delica Co.*, Ltd., 417 F.3d 107, 124 (1st Cir.2005) ("[T]he mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum."); *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549-50 (7th Cir.2004) (similar); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 713-15 (4th Cir.2002) (similar); *Competitive Techs., Inc. v. Pross*, 14 Misc.3d 1224(A), 2007 WL 283075, at *3, 2007 N.Y. Misc. LEXIS 217, at *9 (Sup.Ct. Suffolk County, Jan. 26, 2007) ("[I]n order to exercise personal jurisdiction over a non-resident defendant, something more than the mere posting of information on a passive web site is required to indicate that the defendant purposefully directed his activities at the forum state." (citation omitted)).

"[T]he courts have identified a spectrum of cases involving a defendant's use of the internet. At one end are cases where the defendant makes information available on what is essentially a 'passive' web site. This use of the internet has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant ... At the other end of the spectrum are cases in which the defendant clearly does business over the internet, such as where it knowingly and repeatedly transmits computer files to customers in other states ... Finally, occupying the middle ground are cases in which the defendant maintains an interactive web site which permits the exchange of

8

information between users in another state and the defendant, which **depending on the level and nature of the exchange may** be a basis for jurisdiction" *Vandermark v. Jotomo Corp.*, 839 N.Y.S.2d 670, 671 -672 (N.Y.A.D. 4 Dept.,2007) (quoting *Citigroup v. City Holding Co.*, 97 F.Supp.2d 549, 565). Here, the users of the website post the information on the website. Since there is no response by the website or participation beyond providing the forum, there is no level of exchange.

It has been repeatedly held that the maintenance of a passive Web site that does nothing more than advertise its products does not constitute commercial activity sufficient to support personal jurisdiction. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336-337; *Loudon Plastics v. Brenner Tool & Die*, 74 F Supp 2d 182, 185-186; *cf. Maritz, Inc. v. Cybergold, Inc*. 947 F.Supp. 1328, 1333-1334.

   ii. <u>There is no substantial relationship between any relationship of Xcentric with New York and the Plaintiff's claims for relief</u>.

Xcentric does not dispute that "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, <u>so long as</u> the defendant's activities here were purposeful and <u>there is a substantial relationship between the transaction and the claim asserted</u>" *Vandermark v. Jotomo Corp.*, 839 N.Y.S.2d 670, 671 (N.Y.A.D. 4 Dept.,2007) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40) (emphasis added). The test of the "substantial relationship" is whether Xcentric has engaged in some purposeful activity in New York in connection with the matter in controversy." *Otterbourg, Steindler, Houston & Rosen, P.C. v. Shreve City*

9

*Apartments Ltd.*, 147 A.D.2d 327, 331 (1989). Xcentric has not transacted any business in New York pertaining to any of the claims for relief asserted by Plaintiff.

In defamation cases, the "single act" of uttering a defamation, no matter how loudly, is not a "transact[ion of] business" that may provide the foundation for personal jurisdiction. *Best Van Lines, Inc.*, 490 F.3d at 248. In other words, when the defamatory publication itself constitutes the alleged "transact[ion of] business" for the purposes of section 302(a)(1), more than the distribution of a libelous statement must be made within the state to establish long-arm jurisdiction over the person distributing it. *Id*. Under the "arises from" prong, New York courts have also concluded that they lacked jurisdiction over out-of-state defendants accused of having uttered defamatory falsehoods where the "[defamation] claim did not arise from the defendants' specific business transactions in New York." *Id*. at 250 (quoting *Realuyo v. Villa Abrille*, 01 Civ. 10158, 2003 WL 21537754, at *6, 2003 U.S. Dist. LEXIS 11529, at *17 (S.D.N.Y. July 8, 2003) (noting that the defendants were not involved in the publication or distribution of the allegedly libelous article at issue)).

Several federal district courts have concluded that the posting of defamatory material on a website accessible in New York does not, without more, constitute "transact[ing] business" in New York for the purposes of New York's long-arm statute. *See Realuyo*, 2003 WL 21537754, at *7, 2003 U.S. Dist. LEXIS 11529, at *20-21 (deciding that the availability of an article on a website, without more, does not amount to "transaction of business" for purposes of section 302(a)(1)); s*ee also*

*Starmedia Network, Inc. v. Star Media, Inc.*, 00 Civ. 4647, 2001 WL 417118, at *3, 2001 U.S. Dist. LEXIS 4870, at *7 (S.D.N.Y. Apr.23, 2001) ("[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit.") (citation and quotation indication omitted).  In addition, to the extent that there are business transactions incident to establishing a website, a defamation claim based on statements posted on a website does not "arise from" such transactions. *See Realuyo*, 2003 WL 21537754, at *7, 2003 U.S. Dist. LEXIS 11529, at *20-22 (finding that "the publication of the article was not the transaction of business in New York" and the defamation claim did not arise from advertising links on the website); *see also Competitive Techs., Inc. v. Pross*, 13297/2006, 14 Misc.3d 1224(A), 2007 WL 283075, at *3, 2007 N.Y. Misc. LEXIS 217, at *8 (Sup.Ct. Suffolk County, Jan. 26, 2007) (concluding that libelous statements posted on a Yahoo! message board did not give rise to jurisdiction because they were "not in connection with any business transactions").

Even if a person or persons in New York have purchased a book which they saw advertised on the ROR Site, Plaintiff still must show that Xcentric engaged in some relevant acts *within* New York.  The New York Court of Appeals has held, on more than one occasion that the "mere shipment" of goods into New York does not qualify as a sole basis for personal jurisdiction.  In order for jurisdiction to attach, any such shipment had to be part of a larger transaction in which the defendant engaged in some relevant acts within the state. ( *See, e.g., McKee Electric Co. v.*

11

*Rauland-Borg Corp.*, 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 [1967]; *Standard Wine & Liquor Co. v. Bombay Spirits Co.*, 20 N.Y.2d 13, 281 N.Y.S.2d 299, 228 N.E.2d 367 [1967]; *Kramer v. Vogl*, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 [1966]). No such activities have occurred.

Similarly, the Corporate Advocacy Program ("CAP") does not rise to the level of service contemplated by the New York long-arm statute. Although the existence of the CAP is advertised on the ROR Site, all services related to the CAP are performed in the State of Arizona. Where the services contracted for are to be performed outside of New York, the mere fact that a party to the contract is a New York domiciliary does not suffice to invoke the court's jurisdiction pursuant to CPLR 302(a)(1). *See Finesurgic v. Davis*, 148 A.D.2d 414, 415 (1989), *lv dismissed in part, denied in part* 74 N.Y.2d 781 (1989).

The request for donations on the ROR Site also does not arise to the standard of "doing business" within New York. The Court in *Best Van Lines*, in addressing this exact issue, stated:

> [E]ven if that were enough to render it "transact[ing] any business within the state" under section 302(a)(1), BVL's claim does not "arise from" the Website's acceptance of donations for the purposes of section 302(a)(1). There is no "articulable nexus, or a substantial relationship," *Henderson*, 157 F.3d at 123 (internal quotation marks omitted), between the donations and the allegedly defamatory conduct. *See Realuyo*, 2003 WL 21537754, at *6, 2003 U.S. Dist. LEXIS 11529, at *16-17; *Bassili v. Chu*, 242 F.Supp.2d 223, 229 (W.D.N.Y.2002).

*Best Van Lines*, 490 F.3d at 254.  There is no relationship between the acceptance of donations by Xcentric and <u>any</u> claim asserted by Plaintiff, and therefore this cannot give rise to personal jurisdiction.  The Court in *Best Van Lines* continued its analysis by concluding:

> the relationship between the quest for funds and the lawsuit for which jurisdiction is sought so insubstantial, that the nexus or relationship cannot alone be a sufficient basis upon which to establish jurisdiction over the defendant for purposes of this case. *See Realuyo*, 2003 WL 21537754, at *7, 2003 U.S. Dist. LEXIS 11529, at *21 (noting that although the defendant's website's advertising links may have been "interactive," the defamation claim did not arise from such links); *Hy Cite Corp. v. Badbusinessbureau.com, L.L.C.*, 297 F.Supp.2d 1154, 1165 (W.D.Wis.2004) (explaining that a sale on the website had insufficient nexus to defamation and trademark infringement claims when "[t]he only relationship between the sale and the lawsuit is that the sale occurred through the website").

*Best Van Lines,* supra.

In *Lenahan Law Offices, LLC v. Hibbs*, 04-cv-6376, 2004 WL 2966926, at *6 (W.D.N.Y. Dec.22, 2004), the plaintiff argued that the defendant's website, which contained allegedly defamatory material about the plaintiff, fell into the "middle range" of the *Zippo* sliding scale because the website permitted the defendant to answer questions posted by users.  The court rejected that argument, concluding that such low-level interactivity was insufficient to support jurisdiction.  Even if such interactivity could constitute "transacting business" under section 302(a)(1), the court concluded, the plaintiff had failed to show that its cause of action "arose" from

13

such transactions since the allegedly defamatory material was posted on a passive portion of the website. *Id*.

    **C.**    <u>**Exercising Jurisdiction Does Not Comport with Due Process**</u>.

The federal courts hold that:

> For due process to be satisfied, two requirements must be met. First, defendant must have "certain minimum contacts [with the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 152 (2d Cir.2001) (internal quotation marks omitted). Second, "the assertion of personal jurisdiction [must] comport [ ] with traditional notions of fair play and substantial justice-that is, it [must be] reasonable under the circumstances of the particular case." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002) (internal quotation marks omitted).

*Motorola Credit Corp. v. Uzan*, 274 F Supp 2d 481 (S.D.N.Y.2003). The "minimum contacts" portion of the analysis is satisfied where "a defendant's conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there." *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 216, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000), *quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Such "reasonable anticipation" arises, in turn, where the defendant "purposefully avails itself of the privilege of conducting activities within the forum State." *Id*.

Xcentric has manifested no intent specifically to target New York consumers or to avail itself of the particular benefits of New York law. Indeed, Xcentric

transacts <u>no</u> business in the State of New York. This utter lack of purposeful availment precludes a finding of jurisdiction.

### D. There is no Issue Preclusion and the Cases from Other Jurisdictions are Not Relevant.

Cambridge relies on an Illinois case and a Tennessee case to argue that this Court should determine that there is jurisdiction in New York. Of course, the decisions of other District Courts whose long arm statutes are different have no precedential value. Unlike Tennessee, New York's long arm statute precludes asserting jurisdiction for committing a tort in the state when there was no physical presence in the state. Moreover, in the *Energy Automation Systems, Inc. v. Xcentric Ventures, LLC*, 2007 WL 1557202 (M.D. Tenn 2007), the court relied in part on an email that Mr. Magedson sent directly to the author of the report about the Tennessee company.

The doctrine of issue preclusion is wholly inapplicable here. It is well settled, and was recognized by the *Ryan v. New York Tel. Co.*, case cited by Plaintiff, that issue preclusion only applies where the subsequent action resulted in a judgment. ("we have recently reaffirmed that collateral estoppel allows 'the determination of an issue of fact or law raised in a subsequent action by reference to a previous **judgment** on a different cause of action in which the same issue was necessarily raised and decided.'") 62 N.Y.2d 494, *500 (N.Y. 1984). Moreover, the issues in the cases cited by Plaintiff were not the same. The issues in those cases were

15

whether there was jurisdiction over Xcentric in Illinios and Tennessee, not whether there is jurisdiction in New York.

### E. Jurisdictional Discovery Is Not Warranted.

Plaintiff is asking for the proverbial fishing expedition. The Declarations of Ed Magedson make clear that jurisdiction is lacking. Plaintiffs do not have a scintilla of evidence to the contrary. Plaintiff has failed to offer "some tangible evidence which would constitute a 'sufficient start' in showing that jurisdiction could exist, thereby demonstrating that its assertion that a jurisdictional predicate exists is [ ] frivolous" *SNS Bank, N.V. v. Citibank, N.A.*, 7 A.D.3d 352, 354, 777 N.Y.S.2d 62, 64 (N.Y.A.D. 1 Dept.,2004) (quoting *Mandel v. Busch Entertainment Corp.*, 215 A.D.2d 455, 626 N.Y.S.2d 270). The First Department has held that "[l]eave for jurisdictional discovery [is] properly denied [if a] plaintif[f] d[oes] not show that facts may exist which would warrant the denial of defendants' motion [to dismiss for lack of personal jurisdiction]." *de Capriles v. Lopez Lugo*, 293 A.D.2d 405, 406, 740 N.Y.S.2d 623 (1st Dept. 2002).

Further discovery requests, even if granted, would not support a finding of personal jurisdiction over Xcentric, because they go to facts unrelated to the claims made by Plaintiff. This case arises out of purportedly defamatory statements made on Defendants website by third parties. No amount of discovery will shed any further light on that.

In its failure to provide this Court any basis for the assertion of personal jurisdiction against Xcentric, Plaintiff is not entitled to continue to subject Xcentric to the jurisdiction of this Court while engaging in futile discovery proceedings.

## IV. CONCLUSION

Based on the foregoing, Defendant requests that the Complaint be dismissed in its entirety for lack of jurisdiction. Defendant also requests that, in the alternative, Plaintiff's Motion for Jurisdictional Discovery be denied, together with any further relief that this Court deems just and proper.

DATED this 15th day of August, 2007.

**JABURG & WILK, P.C.**

/s/Maria Crimi Speth
Maria Crimi Speth
Attorneys for Defendant Xcentric Ventures, LLC

Maria Crimi Speth, #012574
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Phone:      (602) 248-1000
Fax:          (602) 248-0522
Email:       mcs@jaburgwilk.com

10297-1/LAR/LAR/604515_v1

## Certificate of Service

I hereby certify that on August 15, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Donald E. Morris
Dozier Internet Law P.C.
301 Concourse Boulevard
West Shore III, Suite 300
Glen Allen, VA  23059

Gary Ettelman
100 Quentin Roosevelt Blvd., Suite 401
Garden City, NY  11530

Attorneys for Plaintiff


/s/Maria Crimi Speth